```
                            United States Bankruptcy Court
                            Eastern District of Pennsylvania

In re:                                                       Case No. 11-18794-sr
Robert J Worley                                              Chapter 13
Leslie M Worley
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: admin               Page 1 of 2             Date Rcvd: Nov 25, 2016
                               Form ID: 3180W            Total Noticed: 17


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 27, 2016.
db/jdb        +Robert J Worley,    Leslie M Worley,   4140 Bethel Road,    Boothwyn, PA 19061-2609
12728500      +Acqura Loan Services,    ATTN: Payment Processing Dept,    P.O. Box 202743,
                Dallas, Texas 75320-2743
12635309      +Catania Engineering Associates,Inc.,   520 W. MacDade Blvd,    Milmont Park PA 19033-3321
12598750      +Erie Insurance Exchange,   c/o J. Scott Watson, Esquire,   24 Regency Plaza,
                Glen Mills, PA 19342-1001
12730875       FedLoan Servicing,    P.O. Box 69184,   Harrisburg, PA 17106-9184
12641077      +Melinda Devereaux,    7153 North Hill Plaza,   Unit 319,   Omaha, NE 68152
13790925      +Rushmore Loan Management servicer,   EMC Mortgage 15480 Laguan Canyon Rd,
                Suite 100,Irvine,CA 92618-2132
12598766      +Scott F. Waterman, Esquire,   110 W. Front Street,    Media, PA 19063-3208

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcy@phila.gov Nov 25 2016 22:45:34     City of Philadelphia,
                City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 25 2016 22:44:57
                Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 25 2016 22:45:28    U.S. Attorney Office,
                c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12639534      +EDI: GMACFS.COM Nov 25 2016 22:38:00     Ally Financial Inc. f/k/a GMAC Inc.,    P O Box 130424,
                Roseville, MN 55113-0004
12615966       EDI: JEFFERSONCAP.COM Nov 25 2016 22:38:00     Jefferson Capital Systems LLC,   PO BOX 7999,
                SAINT CLOUD MN 56302-9617
12667517      +EDI: OPHSUBSID.COM Nov 25 2016 22:38:00     OAK HARBOR CAPITAL IV, LLC,
                C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
12609533       E-mail/Text: ebn@vativrecovery.com Nov 25 2016 22:44:48     Palisades Collections, LLC,
                Vativ Recovery Solutions LLC, dba SMC,   As Agent For Palisades Collections, LLC,
                PO Box 40728,   Houston TX 77240-0728
12598772      +E-mail/Text: Bankruptcy@wsfsbank.com Nov 25 2016 22:46:01    Wilmington Savings Fund Society,
                500 Delaware Ave,   Wilmington, DE 19801-7405
12610898       EDI: ECAST.COM Nov 25 2016 22:38:00     eCAST Settlement Corporation, assignee,
                of Capital One Bank,   P.O. Box 35480,   Newark, NJ 07193-5480
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 27, 2016                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 24, 2016 at the address(es) listed below:
              CHRISTOPHER A. DENARDO    on behalf of Creditor    Residential Credit Solutions, Inc., et al
               pabk@logs.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    REOCO, Inc. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    RESIDENTIAL CREDIT SOLUTIONS
               bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
              LEEANE O. HUGGINS    on behalf of Creditor    Residential Credit Solutions, Inc., et al
               pabk@logs.com
```

```
District/off: 0313-2            User: admin                  Page 2 of 2                   Date Rcvd: Nov 25, 2016
                                Form ID: 3180W               Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          SCOTT F. WATERMAN    on behalf of Joint Debtor Leslie M Worley scottfwaterman@gmail.com, scottfwaterman@gmail.com
          SCOTT F. WATERMAN    on behalf of Debtor Robert J Worley scottfwaterman@gmail.com, scottfwaterman@gmail.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          TOTAL: 9

Case 11-18794-sr    Doc 87    Filed 11/27/16    Entered 11/28/16 00:19:18    Desc Imaged
Certificate of Notice    Page 2 of 4

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Robert J Worley** | Social Security number or ITIN  **xxx–xx–8382** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Leslie M Worley** | Social Security number or ITIN  **xxx–xx–0220** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **11–18794–sr** | | |

# Order of Discharge                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Robert J Worley                                    Leslie M Worley
                                                   fka Leslie M Hutchison

<u>11/24/16</u>                                    **By the court:**    <u>Stephen Raslavich</u>
                                                                       United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**